UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HARRISON CRUM, BRADY ELLIOTT, TROY RICHARDSON, AND DAYTON VEST on behalf of themselves and a class of those similarly situated, | § § § § § § | CIVIL ACTION NO. 1:20-cv-300 |
| | § | FLSA COLLECTIVE ACTION |
| Plaintiffs, | § § | |
| v. | § § | |
| AWS TELECOM, LLC D/B/A AWS COMMUNICATIONS | § § | |
| | § § | |
| Defendant. | § | DEMAND FOR JURY TRIAL |

**ORIGINAL COMPLAINT - FLSA COLLECTIVE ACTION**

**SUMMARY**

1.      AWS TELECOM, LLC. ("AWS") refused to pay certain non-exempt employees for hours worked and for overtime as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. This collective action seeks to recover the unpaid wages, overtime wages and other damages owed to these workers.

**I.**
**PARTIES**

2.      Plaintiffs Harrison Crum, Brady Elliott, Troy Richardson, and Dayton Vest have worked as employees of Defendant during the two-year period preceding the filing of this lawsuit.

3.    AWS TELECOM LLC is an entity that can be served with process by serving its registered agent, ROBERT MCCLUNG, at the following address: 8708 South Congress Suite A-120, Austin, Texas, 78745.

## II.
## JURISDICTION AND VENUE

4.    Jurisdiction is conferred on this Court under 28 U.S.C. § 1331 and under 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, and/or regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and (s). Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendant's business. Defendant has over $500,000 in gross receipts annually. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this claim, including Defendant's failure to pay overtime wages, occurred in this Division and District. Further, Plaintiffs are residents of this District and Division.

## COVERAGE UNDER THE FLSA

5.    At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

6.    At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.    At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8.      At all times hereinafter mentioned: (a) Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said Defendant is an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Such handling includes, but is not limited to, equipment and supplies made in states other than Texas.

9.      At all times hereinafter mentioned, Plaintiffs were individual "employee[s]" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g). Plaintiffs' handling of goods or materials that have been moved in or produced for commerce included, but was not limited to, handling items that were made in states other than Texas.

### III.
### FACTS RELATED TO NON-PAYMENT OF WAGES AND OVERTIME COMPENSATION

10.     Plaintiff Harrison Crum was hired in April, 2019, as a Technician. He sometimes worked over 40 hours per week, and was paid a salary.

11.     Plaintiff Brady Elliott was hired in October, 2019, as a Technician. He was paid a rate of $15.00 per hour.

12.    Plaintiff Troy Richardson was hired in October, 2019, as a Technician. He was paid a rate of $15.00 per hour.

13.    Plaintiff Dayton Vest was hired in April, 2019, as a Technician. He was paid a rate of $20.00 per hour.

14.    The duties the Technicians performed do not qualify Plaintiffs for any overtime exemptions under the FLSA. All of the Technicians were required to report for work at the shop in the morning. They clocked in and out using an app, TSheets, on their phones. At the shop, they were assigned to crews and sent out to job sites, where they would install radio equipment, power, and fiber optic cables underground and overground. They would then return to the shop, which was when they clocked out.

15.    The technicians were required to do paperwork at the end of the day, but they were not paid for the time spent doing it. Frequently they would do the paperwork at their hotel, after they had clocked out for the day. There were automatic lunch deductions taken from their hours, including for times when they did not take lunch breaks. At the beginning of their employment, the time deducted for lunch was  30 minutes per day, and then the management began deducting one hour per day for lunch breaks that were not actually taken. Additionally, Plaintiffs' TSheets app was edited after they submitted their hours, and hours that the Plaintiffs had worked were removed. Between 5 and 10 hours per pay period were removed. Often those would have been overtime hours.

16.    During one or more weeks of Plaintiffs' employment, Defendant failed to pay them for all hours worked. During one or more weeks of Plaintiffs' employment they worked in

excess of forty (40) hours per week, and Defendant failed to pay them one and one-half times their regular rates of pay for each overtime hour worked.

## IV.
## COLLECTIVE ACTION ALLEGATIONS

17.    Plaintiffs incorporate the preceding paragraphs by reference.

18.    In addition to Mr. Crum, Mr. Elliott, Mr. Richardson, and Mr. Vest, Defendant employed many other Technicians who were not paid for all hours worked and not paid the overtime premium for overtime hours worked. Like with the currently named Plaintiffs, Defendant did not pay these workers for all of the hours they worked. Thus, Defendant's failure to pay for all hours worked extends beyond the currently named Plaintiffs. Other workers employed by Defendant have been subjected to the same unlawful policy (collectively, "the workers.")

19.    These workers should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as: All Technicians who worked for Defendant during the past 3 years who were paid a salary, and were not compensated on an hourly basis and paid for all hours worked as required by the FLSA.

## V.
## CAUSES OF ACTION -
## DENIAL OF OVERTIME PAY

20.    Plaintiffs incorporate the preceding paragraphs by reference.

21.    By failing to pay Mr. Crum, Mr. Elliott, Mr. Richardson, Mr. Vest, and the Workers for overtime at one-and- one-half times their regular rates, Defendant violated the FLSA's overtime provisions.

22.    Defendant owes Mr. Crum, Mr. Elliott, Mr. Richardson, Mr. Vest, and the Workers for unpaid wages and for overtime pay at time and one-half their regular hourly rates. Because Defendant knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Defendant owes these wages for at least the past three years.

23.    AWS is liable to Mr. Crum, Mr. Elliott, Mr. Richardson, Mr. Vest, and the Workers for an amount equal to all unpaid overtime wages, as well as liquidated damages as permitted by the FLSA.

24.    Mr. Crum, Mr. Elliott, Mr. Richardson, Mr. Vest, and the similarly situated Workers are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

25.    Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

1.    An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Workers;

2.    Judgment awarding Mr. Crum, Mr. Elliott, Mr. Richardson, Mr. Vest, and the Workers all unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3.    An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4.    All such other and further relief to which Mr. Crum, Mr. Elliott, Mr. Richardson, Mr. Vest, and the Workers may show themselves to be justly entitled.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF